SEALED
FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2021 JUL 21  PM 4:05
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JAMAL D. HOLDMAN and<br>NICHOLAS A. DECOSTA,<br><br>                    Defendants. | 8:21CR93<br><br>INDICTMENT<br><br>[21 U.S.C. §§ 841(a)(1) & (b)(1) and 846<br>21 U.S.C. § 853] |

## BACKGROUND

At times relevant to this Indictment:

1.  The "clear" or "surface" web is part of the internet accessible to anyone with a standard browser and that standard web search engines can index. The deep web is part of the internet whose contents are not indexed by standard web search engines. The dark net is a part of the deep web that not only cannot be discovered through a traditional search engine, but also has been intentionally hidden and is inaccessible through standard web browsers and methods.

2.  Dark net marketplaces operate on the dark net. These sites are generally only accessible through the input of specific addresses using a TOR browser. The dark net marketplaces function primarily as black markets, selling or brokering transactions involving drugs, cyber-arms, weapons, counterfeit currency, stolen credit card details, forged documents, unlicensed pharmaceuticals, steroids, and other illicit goods as well as the occasional sale of legal products. Dark net vendors (also known as distributors) operate on these dark net markets as sellers of these goods. They provide detailed information about their wares on these sites, including listings of their drugs for sale, contact information (such as TOR-based email or

encrypted messaging applications), and the prices and quantities of drugs for sale in digital currencies.

3. Digital currencies and tokens are electronically sourced units of value that exist on the internet and are not stored in a physical form. Cryptocurrencies, a form of digital currency, are not issued by any government, but are instead generated and controlled through computer software operating on decentralized peer-to-peer networks. Bitcoin is one example of a cryptocurrency. Users of cryptocurrencies send units of value to and from "addresses," which are unique strings of numbers and letter functioning like a public account number. Cryptocurrency transactions are recorded on a publicly available distributed ledger, often referred to as a "blockchain." Because cryptocurrencies are transferred peer-to-peer, users can avoid traditional, regulated financial institutions that collect information about their customers and maintain anti-money laundering and fraud programs.

## COUNT 1
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury Charges:

4. Beginning on or about an unknown date but at least as early as on October 31, 2019, and continuing to in or about June 21, 2021, in the District of Nebraska and elsewhere, the Defendants, JAMAL D. HOLDMAN and NICHOLAS A. DECOSTA, knowingly and intentionally combined, conspired, confederated and agreed together and with other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States, to distribute and possess with intent to distribute:

    a. Schedule II controlled substances including, but not limited to the following opioids: Oxycodone, Hydrocodone (in pill and liquid form), Diphenoxylate, Morphine Sulfate, Hydromorphone, Tapentadol, Methadone, Tramadol, and;

    b.    Schedule II controlled substances including but not limited to the following amphetamines: Dexmethylphenidate, Dextroamphetamine, Lisdexamfetamine (Vyvanse), Methylphenidate, and

    c.    Schedule IV controlled substances including but not limited to the following benzodiazepines: Lorazepam, Alprazolam, Clonazepam, and Triazolam.

MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

5.    It was part of the conspiracy that certain of its members maintained a presence on the dark net as a dark net vendor of pharmaceutical controlled substances using anonymous vendor monikers such as "norcoking", "kingofscripts", and "norco_king".

6.    It was further part of the conspiracy that its members used various methods designed to protect the membership's anonymity and to provide security for the criminal organization from law enforcement and other criminal organizations. These methods included:

    a.    Using their anonymous vendor monikers on dark net marketplaces to advertise and sell pharmaceutical controlled substances;

    b.    Requiring customers to pay for controlled substances with cryptocurrencies (e.g. Bitcoin and Monero);

    c.    Using fictitious sender names and addresses on packages containing controlled substances sent to customers via the United States Postal Service.

7.    It was further part of the conspiracy that certain of its members used the United States Postal Service as a means of distributing pharmaceutical controlled substances to customers throughout the United States, to include customers in the District of Nebraska.

All in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1) and 846.

## COUNT 2

A. On or about October 31, 2019, in the District of Nebraska and elsewhere, the Defendant JAMAL D. HOLDMAN did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance.

B. The above violation was committed and carried out in the course of and in furtherance of the conspiracy set forth in Count 1 of this Indictment, while JAMAL D. HOLDMAN and NICHOLAS A. DECOSTA were members of the conspiracy.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

## COUNT 3

A. On or about February 11, 2020, in the District of Nebraska and elsewhere, the Defendant JAMAL D. HOLDMAN did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, and Alprazolam, a Schedule IV controlled substance.

B. The above violation was committed and carried out in the course of and in furtherance of the conspiracy set forth in Count 1 of this Indictment, while JAMAL D. HOLDMAN and NICHOLAS A. DECOSTA were members of the conspiracy.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

## COUNT 4

A. On or about March 12, 2020, in the District of Nebraska and elsewhere, the Defendant JAMAL D. HOLDMAN did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance.

B. The above violation was committed and carried out in the course of and in furtherance of the conspiracy set forth in Count 1 of this Indictment, while JAMAL D. HOLDMAN and NICHOLAS A. DECOSTA were members of the conspiracy.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

## COUNT 5

A. On or about March 26, 2020, in the District of Nebraska and elsewhere, the Defendant JAMAL D. HOLDMAN did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, and Lorazepam, a Schedule IV controlled substance.

B. The above violation was committed and carried out in the course of and in furtherance of the conspiracy set forth in Count 1 of this Indictment, while JAMAL D. HOLDMAN and NICHOLAS A. DECOSTA were members of the conspiracy.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

## COUNT 6

A. On or about October 13, 2020, in the District of Nebraska and elsewhere, the Defendant JAMAL D. HOLDMAN did knowingly and intentionally distribute Hydrocodone, a Schedule II controlled substance.

B. The above violation was committed and carried out in the course of and in furtherance of the conspiracy set forth in Count 1 of this Indictment, while JAMAL D. HOLDMAN and NICHOLAS A. DECOSTA were members of the conspiracy.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

## COUNT 7

On or about June 21, 2021, in the District of Nebraska and elsewhere, Defendant JAMAL D. HOLDMAN did knowingly possess a firearm, to wit: a Beretta 92X 9mm handgun, in furtherance of a drug trafficking crime for which Defendant may be prosecuted in a court of the United States, that is, the offense described in Count 1.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 8

On or about June 21, 2021, in the District of Nebraska and elsewhere, Defendant JAMAL D. HOLDMAN did knowingly possess a firearm, to wit: a Ruger EC95 9mm handgun, in furtherance of a drug trafficking crime for which Defendant may be prosecuted in a court of the United States, that is, the offense described in Count 1.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853 and Title 18 United States Code, Section 982(a)(1).

2. The allegations contained in Counts 7-8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

3. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, alleged in Counts 1-6 of this Indictment, the Defendants, JAMAL D. HOLDMAN and NICHOLAS A. DECOSTA, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to

be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. Such property includes, but is not limited to, the property described below in paragraphs 4(a)-(h), of which the items set forth in paragraphs 4(a)-(g) were seized on or about June 21, 2021 from the residence of JAMAL D. HOLDMAN.

4. Pursuant to Title 18, United States Code, Section 924(d), upon conviction of an offense in violation of Title 18, United States Code, Section 924(c)(1)(A), alleged in Counts 7-8 of this Indictment, the defendant JAMAL D. HOLDMAN, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to the property described below in paragraph 4(f)-(g):

    a. A white Apple iPhone

    b. A blue HP laptop computer

    c. A green HP laptop computer

    d. A white HP Chrome laptop computer

    e. 5 San Disk flash drives

    f. A Ruger EC95 9mm firearm, magazine(s), and ammunition

    g. A Beretta 92X 9mm firearm, magazine(s), and ammunition

    h. A Money Judgment against the Defendants in favor of the United States of America:

        i. a sum of money equal to the value of the property constituting, or derived from, any proceeds Defendants obtained, directly or indirectly, as a result of the offenses alleged in Counts 1-6.

5. If any of the property, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Sections 982(a)(1) and 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

The United States of America requests that trial of this case be held at Omaha, Nebraska, pursuant to the rules of this Court.

CHRISTOPHER L. FERRETTI
Assistant U.S. Attorney