1                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEBRASKA
2

3    UNITED STATES OF AMERICA,        •    Docket No. 8:21CR193
                                      •
4              Plaintiff,             •
                                      •
5        vs.                          •    Omaha, Nebraska
                                      •    January 19, 2023
6    NICHOLAS A. DECOSTA,             •    10:16 a.m.
                                      •
7              Defendant.             •
     • • • • • • • • • • • • • • • • • •
8

9

10            TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
            BEFORE THE HONORABLE MICHAEL D. NELSON
11              UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17   APPEARANCES:

18   For the Plaintiff:        **MR. CHRISTOPHER FERRETTI, ESQ.**
                               Office of the U.S. Attorney
19                             1620 Dodge Street, Suite 1400
                               Omaha, NE  68102-1506
20

21   For the Defendant:        **MR. JOSEPH L. HOWARD, ESQ.**
                               Dornan Law Team
22                             1403 Farnam Street, Suite 232
                               Omaha, NE  68102
23

24
     Proceedings recorded by electronic sound recording; transcript
25   produced by transcription via mechanical stenography.

```
1                         I N D E X

2                                Direct Cross Redirect Recross

3    WITNESSES FOR THE GOVERNMENT:

4    None

5    WITNESSES FOR THE DEFENSE:

6    None

7    EXHIBITS:                              Offered Received

8    None

9

10

11                                                    PAGE

12   FINDINGS OF THE COURT...............................  26

13   CERTIFICATE OF REPORTER.............................  29
```

FINDINGS OF THE COURT...............................  26

CERTIFICATE OF REPORTER.............................  29

1     (At 10:16 a.m. on January 19, 2023, with counsel for the

2 plaintiff present, counsel for the defendant present, and the

3 defendant present, the following proceedings were had:)

4     THE COURT:  Good morning.  We are on the record in

5 the matter of the <u>United States of America vs. Nicholas A.

6 Decosta</u>.  The case number is 8:21CR193.

7     Counsel for the government?

8     MR. FERRETTI:  Good morning, Your Honor.

9 Christopher Ferretti for the United States.

10     THE COURT:  For the defendant?

11     MR. HOWARD:  Good morning, Your Honor.  May it

12 please the Court, Joe Howard on behalf and with the

13 defendant, Nicholas A. Decosta.

14     THE COURT:  Mr. Decosta, good morning.

15     THE DEFENDANT:  Good morning.

16     THE COURT:  How are you feeling today, sir?

17     THE DEFENDANT:  Good, Your Honor.

18     THE COURT:  Good.  Sir, you have submitted a

19 petition requesting leave to with- -- leave to withdraw your

20 previous not guilty plea and to enter a guilty plea to the

21 charge set forth in Count I of the indictment.

22     Before we proceed I must determine whether you

23 consent to proceed before me as a magistrate judge.  You do

24 have a right to a change of plea hearing before the district

25 judge.  Do you understand that right?

1      THE DEFENDANT:  Yes.

2      THE COURT:  Understanding that right, do you

3  consent to proceed before me as a magistrate judge?

4      THE DEFENDANT:  Yes.  Wait.

5      (Indiscernible discussion in low tones.)

6      THE DEFENDANT:  All right.  Yes.

7      THE COURT:  Okay.  At the end of today's hearing I

8  will enter written findings as to what occurred in this

9  hearing.  I will either recommend that your guilty plea be

10  accepted or not accepted.  Do you understand?

11      THE DEFENDANT:  Yes.

12      THE COURT:  Okay.  So you do consent to proceed

13  before me as a magistrate judge?

14      THE DEFENDANT:  Yes, Your Honor.

15      THE COURT:  And is it true that you wish to enter a

16  guilty plea today?

17      THE DEFENDANT:  Yes, Your Honor.

18      THE COURT:  I will be asking you some questions

19  about your change of plea and the facts related to this

20  charge.  Before I can do that I am going to need to place you

21  under oath.  Will you please stand up and raise your right

22  hand?

23      (Defendant Sworn.)

24      THE DEFENDANT:  Yes.

25      THE COURT:  You may be seated.  Do you understand

*Change of Plea*

1    that you're now under oath?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Do you understand that your answers to

4    my questions must be truthful?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Do you understand that these answers

7    could be used against you if you are later charged with

8    perjury or making a false statement?

9            THE DEFENDANT:  Yes.

10           THE COURT:  There are two purposes for this

11   hearing.  First, we must be -- we must be sure that you

12   understand the consequences of a guilty plea, that is, what

13   may happen to you as a result of your pleading guilty to this

14   charge.

15           Second, your guilty plea must be done freely,

16   voluntarily, and with -- and without any threat or force.  Do

17   you understand?

18           THE DEFENDANT:  Yes.

19           THE COURT:  If you do not understand any questions

20   or words spoken today, please either ask me or your attorney

21   to explain them.  You may consult with Mr. Howard at any time

22   during the hearing.  If necessary, we'll take a recess so

23   that you can meet with him privately.  Do you understand?

24           THE DEFENDANT:  Yes.

25           THE COURT:  What is your full name?

1          THE DEFENDANT:  Nicholas A. Decosta.

2          THE COURT:  Are you, in fact, the defendant named

3   in the indictment in this case?

4          THE DEFENDANT:  Yes.

5          THE COURT:  How old are you?

6          THE DEFENDANT:  Twenty-seven.

7          THE COURT:  Where were you born?

8          THE DEFENDANT:  Palm Springs, California.

9          THE COURT:  And what's the highest level of

10  education that you have completed?

11         THE DEFENDANT:  High school graduate.  Yep.

12         THE COURT:  Have you ever been treated for any

13  mental illness?

14         THE DEFENDANT:  No.

15         THE COURT:  Have you ever been treated for

16  addiction to alcohol or drugs?

17         THE DEFENDANT:  Yes.

18         THE COURT:  When did you last complete treatment?

19         THE DEFENDANT:  Twenty-eight- -- 2016 or 2017.

20         THE COURT:  Have you been able to maintain your

21  sobriety?

22         THE DEFENDANT:  Since then?  I would -- I mean,

23  it...

24         THE COURT:  Are you maintaining your sobriety

25  currently?

1          THE DEFENDANT:  Currently, yes.

2          THE COURT:  Have you consumed or are you under the

3   influence of any alcohol or drugs today?

4          THE DEFENDANT:  No.

5          THE COURT:  Are you taking any medications?

6          THE DEFENDANT:  No.

7          THE COURT:  Are there any medications that you're

8   supposed to be taking that you're not taking?

9          THE DEFENDANT:  No.

10         THE COURT:  Is there anything that I have not

11  mentioned that may be affecting your ability to think clearly

12  or to make sound decisions today?

13         THE DEFENDANT:  No.

14         THE COURT:  Do you think you can proceed with

15  today's hearing?

16         THE DEFENDANT:  Yes.

17         THE COURT:  The court has observed the demeanor and

18  conduct of the defendant and I now -- I now find him to be

19  competent to proceed with this hearing.

20         Sir, you have previously received a copy of the

21  indictment; correct?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Have you read it, and do you understand

24  the charges against you?

25         THE DEFENDANT:  Yes.

1       THE COURT:  Have you discussed with Mr. Howard the

2  nature of the crime charged against you in Count I of the

3  indictment?

4       THE DEFENDANT:  Yeah.  Yes.

5       THE COURT:  That count...

6       THE DEFENDANT:  Sorry.

7       THE COURT:  That count charges a violation of

8  Title 21, United States Code, Section 846.  Is it your

9  intent -- is it your intent to plead guilty to that charge?

10      THE DEFENDANT:  Yes.

11      THE COURT:  If there was a trial in this matter,

12  the government would be required to prove to a jury each

13  element of that charge beyond a reasonable doubt.

14      The elements are as follows:  First, two or more

15  persons reached an agreement or came to an understanding to

16  distribute or possess with intent to distribute controlled

17  substances;

18      Second, that you voluntarily and intentionally

19  joined in that agreement or understanding either at the time

20  it was first reached or at some later time while it was still

21  in effect and;

22      Third, that at the time that you joined in the

23  agreement or understanding you knew the purpose of the

24  agreement or understanding.

25      It's also alleged for purposes of venue that the

*Change of Plea*

1  offense occurred in the District of Nebraska.

2         Mr. Ferretti, did I properly set forth the elements

3  of this charge?

4         MR. FERRETTI:  Yes, Your Honor.

5         THE COURT:  Mr. Howard?

6         MR. HOWARD:  Yes, of course.

7         THE COURT:  Sir, do you have any questions about

8  the nature of the charge filed against you or what the

9  government would have to prove in order to convict you of

10 this charge?

11        THE DEFENDANT:  No.

12    (Indiscernible discussion in low tones.)

13        THE DEFENDANT:  Do I understand it?  Yeah.  Yes.

14 Yes.

15        THE COURT:  Okay.  Let me re-ask the question.  Do

16 you have any questions --

17        THE DEFENDANT:  Okay.

18        THE COURT:  -- about the nature of this charge --

19        THE DEFENDANT:  Oh, okay.

20        THE COURT:  -- or what the government would have to

21 prove in order to convict you of the charge?

22        THE DEFENDANT:  No questions.

23        THE COURT:  Have you discussed the facts of this

24 case and the evidence the government has against you with

25 Mr. Howard?

Change of Plea

1          THE DEFENDANT:  Yes.

2          THE COURT:  Have you discussed with him any and all

3   defenses that you think you may have to this charge?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Are you fully satisfied with the

6   representation that Mr. Howard has provided to you and the

7   advice that he has given to you in this case?

8          THE DEFENDANT:  Yes.

9          THE COURT:  The law under which you are charged

10  does provide certain penalties that can be imposed upon

11  conviction.  These penalties are as follows:  You can receive

12  a prison term for a maximum term of 20 years, a fine of not

13  more than $250,000, or both such imprisonment and a fine, a

14  supervised release term of at least three years and up to

15  life in addition to any term of imprisonment, a special

16  assessment of $100.

17         You may be ineligible for certain federal benefits.

18  And in cases where restitution or forfeiture of property may

19  be authorized or agreed upon, the court may issue payment of

20  restitution or an order of forfeiture.

21         Mr. Ferretti, did I properly set forth the

22  statutory penalties?

23         MR. FERRETTI:  Yes, Your Honor.

24         THE COURT:  Mr. Howard?

25         MR. HOWARD:  Yes, sir.

1          THE COURT:  Mr. Decosta, do you have any questions

2    about the statutory penalties that you're now facing?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you have any questions about the

5    statutory penalties that you're now facing?

6          THE DEFENDANT:  Oh, do I have -- no, no questions.

7    Sorry.

8          THE COURT:  Thank you.

9          The United States Sentencing Commission has issued

10   guidelines that determine recommended sentencing ranges for

11   convicted federal offenders.  Have you spoken to your

12   attorney about the sentencing guidelines and how they might

13   apply to your case?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  These guidelines are not mandatory, but

16   they are advisory.  In other words, they must be considered,

17   but they do not have to be followed, and you could be

18   sentenced outside of the advisory guideline sentencing range

19   either higher or lower.  Do you understand?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Do you understand that the advisory

22   guideline sentencing range will not be determined until after

23   a presentence investigation report has been completed and

24   fully considered by the court?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Some state penal systems do allow

2     parole, which means release from prison before a person has

3     served all of the sentence imposed; however, you are in a

4     court of the United States, a federal court, and in the

5     federal system parole has been abolished.

6          Do you understand that concerning any sentence to

7     imprisonment under federal law parole does not exist and,

8     therefore, if you are sentenced to imprisonment, you will not

9     be released on parole?

10          THE DEFENDANT:  I understand.

11          THE COURT:  In addition to any sentence of

12     imprisonment the court must include a term of supervised

13     release to be completed after you serve your sentence.

14     During this term you will be supervised by a probation

15     officer and you must comply with certain conditions.

16          Do you understand generally what is meant by

17     supervised release?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Do you understand that if you violate a

20     condition of this release your -- it may be revoked and you

21     may be returned to prison and required to serve in prison all

22     or a part of that term of supervised release without credit

23     for any time that you have been under supervision?

24          THE DEFENDANT:  Yes.  I understand.

25          THE COURT:  Do you have any questions about

1    supervised release?

2         THE DEFENDANT:  No questions.

3         THE COURT:  If your guilty plea is accepted, you'll

4    be found guilty of a felony.  This could later work to your

5    disadvantage.  For example, if you are later convicted of

6    another crime, your sentence for that crime could be

7    increased simply because of your conviction in this case.

8         Do you understand?

9         THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  In addition, conviction of this offense

11    may deprive you of eligibility for certain federal benefits

12    or valuable civil rights such as the right to vote, to hold

13    public office, to serve on a jury, and to possess any kind of

14    firearm.  Do you understand?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Sir, do you think you understand all of

17    the penalties that you now face under the law?

18         THE DEFENDANT:  Yes.

19         THE COURT:  You have reached a written plea

20    agreement with the government; correct?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Under that -- under the terms of that

23    written plea agreement you have agreed to waive your right to

24    withdraw your guilty plea under Federal Rule of Criminal

25    Procedure 11(d).  Under this provision normally you could

*Change of Plea*

1    withdraw your guilty plea before it is accepted for any

2    reason or no reason at all or after it is accepted for a just

3    and fair reason.  Do you understand that you're waiving that

4    right?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  In addition, you have a provision where

7    you have agreed to a specific sentence under Federal Rule of

8    Criminal Procedure 11(c)(1)(C).

9              MR. FERRETTI:  Actually, Judge...

10             THE COURT:  That's not true.  I am looking at the

11   plea agreement right now.  All agreements with regard to

12   sentencing are pursuant to 11(c)(1)(B); is that correct,

13   Mr. Ferretti?

14             MR. FERRETTI:  That's right, Your Honor.

15             THE COURT:  Okay.

16             MR. HOWARD:  That's correct, Judge.

17             THE COURT:  Okay.  You do have provisions in how

18   you think the guidelines might apply to this case; however,

19   those provisions are not binding upon the court.  The

20   sentence imposed by the court could very well be different

21   from the sentence that you and your attorney expect.

22             Do you understand that that fact alone would not

23   provide a basis for the withdrawal of your guilty plea?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Concerning your petition to enter a

1   plea of guilty, do you read, write, and understand the

2   English language?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Did you read the petition and

5   voluntarily sign it?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Was Mr. Howard available to you to go

8   over all of the questions and record -- properly record your

9   answers?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Were all of the answers to the --

12   your -- the questions in the petition voluntary?

13           THE DEFENDANT:  Yes.

14           THE COURT:  And are they all truthful?

15           THE DEFENDANT:  Yes.

16           THE COURT:  And I know that there was one change

17   with regard to the question -- answer to question number 15

18   regarding the term of supervised release.  Is it true that

19   you authorized that interlineation and you affixed your

20   initials to that?

21           THE DEFENDANT:  Yes.

22           THE COURT:  And that made it clear that your

23   supervised release term is at least three years and not more

24   than life; correct?

25           THE DEFENDANT:  Yes.

1  THE COURT:  Do you have any questions about

2  anything in your petition?

3  THE DEFENDANT:  No.  I -- the supervised -- or, no.

4  I -- no.  I am -- no.

5  THE COURT:  Well, let's make sure.  It sounds like

6  there's something that you're confused about.

7  THE DEFENDANT:  Well...

8  THE COURT:  Let's make sure that we understand.

9  THE DEFENDANT:  Well, the supervised release at

10  three to life, I -- does that -- I mean, is it -- does it

11  just vary and depend on the judge's discretion or...

12  THE COURT:  It is.  Typically it's the lower end of

13  that term, but it could be as much as life.

14  THE DEFENDANT:  Okay.

15  THE COURT:  But it is mandatory, and so you will be

16  on supervision for at least three years --

17  THE DEFENDANT:  Yeah.

18  THE COURT:  -- after you serve any term of prison.

19  Do you understand?

20  THE DEFENDANT:  I understand.  Yeah.  Understood.

21  Thank you.

22  THE COURT:  Any more questions about that?

23  THE DEFENDANT:  No.  That was it.

24  THE COURT:  With regard to your written plea

25  agreement, did you read and sign the plea agreement after

1    fully discussing it with Mr. Howard?

2                THE DEFENDANT:  I -- yes.

3                THE COURT:  Please listen carefully.  Mr. Ferretti

4    is going to summarize the terms of the plea agreement.

5                MR. FERRETTI:  Okay.  Mr. Decosta agrees with the

6    United States Government, our office, the United States

7    Attorney's Office, that he will plead guilty to Count I of

8    the indictment, and he does agree to the relevant conduct

9    with respect to Counts II through six of the indictment.

10               Count I charges a violation of Title 21, U.S. Code,

11   Section 846.  Mr. Decosta further agrees that the weight of

12   the fentanyl referenced in paragraph 2B5 of the written

13   agreement will be included as relevant conduct for sentencing

14   purposes.

15               In exchange for his plea of guilty the United

16   States will move to dismiss Counts II through IV and the

17   forfeiture allegation as to Mr. Decosta at the time of

18   sentencing, and the United States further agrees that

19   Mr. Decosta will not be federally prosecuted in Nebraska for

20   any additional drug-trafficking crimes as disclosed by the

21   discovery material that's been provided to Mr. Howard.

22               The parties, Mr. Decosta and the United States,

23   agree to the factual basis that's set forth in the written

24   plea agreement in section 2B, and that goes through --

25   paragraphs 1 through 10, pages two through five of the

1  written agreement.

2          Regarding sentencing issues, as the court indicated

3  earlier, all agreements as to sentencing issues are made

4  pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

5          The parties agree that Mr. Decosta should be held

6  responsible beyond a reasonable doubt for at least three- --

7  400 kilograms, but not more than 700 kilograms of converted

8  drug weight.

9          If he is found to be entitled to an offense level

10  reduction un- -- for acceptance of responsibility under the

11  guidelines, the United States will move to reduce his offense

12  level by one additional level.  And that's pursuant to

13  Section 3E1.1(b) of the guidelines.

14          The parties agree that Mr. Decosta may request or

15  recommend additional downward adjustments, departures, and

16  sentence reductions under Title 18, U.S. Code,

17  Section 3553(a).

18          The parties have no agreement concerning

19  Mr. Decosta's criminal history category.

20          Mr. Decosta does waive appeal and collateral attack

21  except in the limited circumstances set forth in section 6 of

22  the written plea agreement.

23          And those are the, I guess, most pertinent

24  portions, Your Honor.

25          THE COURT:  Mr. Howard, do you agree that those are

*Change of Plea*

1    the pertinent terms of the plea agreement reached between

2    your client and the government?

3              MR. HOWARD:  I do, Judge.  Thank you.

4              THE COURT:  Does the written plea agreement contain

5    all the terms of the entire plea agreement reached between

6    your client and the government?

7              MR. HOWARD:  Yes, it does.

8              THE COURT:  Mr. Decosta, do you agree that those

9    are the terms of the plea agreement that you have reached

10   with the government in this case?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  And do you agree that this written plea

13   agreement contains all terms, conditions, and promises that

14   you have reached with the government in this case?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  In your plea agreement you do waive or

17   give up the right to appeal your conviction and any sentence

18   imposed upon you except in certain circumstances as set forth

19   in your plea agreement.  You would otherwise have a right to

20   appeal.  Do you understand that you're giving up that right?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  You are also -- you are also waiving

23   and giving up the right to file any post-conviction

24   proceedings, again, except in certain circumstances as set

25   forth in your plea agreement.

1          Do you understand that you're also giving up that

2   right?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Mr. Howard, did you fully and

5   accurately discuss all plea offers made by the government to

6   your client with him?

7          MR. HOWARD:  I did.

8          THE COURT:  Sir, did you have a full opportunity to

9   consider the plea offers made by the government to you in

10  this case?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  After doing so, did you voluntarily

13  sign the written plea agreement with the government?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Did anyone make any promises to you or

16  threaten you to get you to sign the plea agreement other than

17  the terms of the plea agreement itself?

18         THE DEFENDANT:  No.

19         THE COURT:  Do you have any questions about your

20  plea agreement?

21         THE DEFENDANT:  No.

22      (Indiscernible discussion in low tones.)

23         THE DEFENDANT:  No.

24         THE COURT:  No que- -- no questions about your plea

25  agreement?

1    THE DEFENDANT:  No questions.

2    THE COURT:  Okay.  And the record should note that
3    you did have a chance to speak to your attorney about that.

4    So you do have certain constitutional rights which
5    you give up when you plead guilty.  Please listen carefully
6    because I will be asking you whether you understand that you
7    have each of these rights and whether you voluntarily give up
8    these rights.

9    You have the right to plead not guilty to any
10   offense charged against you and to go to trial on any charge
11   filed against you in this case.  You have the right to a
12   speedy and public trial.  You have the right to the
13   assistance of an attorney without cost to you if you cannot
14   afford an attorney.

15   You have the right to have a trial and to have a
16   jury determine whether the government has proved beyond a
17   reasonable doubt each and every element of the charged
18   offense.  You have the right to see and hear all witnesses
19   and cross-examine any person who is a witness against you.

20   You have the right to decline to testify at your
21   trial so that you cannot be compelled to incriminate
22   yourself.  You do, however, have the right to testify in your
23   own defense if you choose to, and you have the right to
24   subpoena or present witnesses or other evidence to assist
25   you.  Deciding not to testify or to put on any evidence at

1  trial cannot be used against you.

2  Sir, do you understand that under the Constitution
3  of the United States you have and can use all of these
4  rights?

5  THE DEFENDANT:  Yes, Your Honor.

6  THE COURT:  Do you understand that if your guilty
7  plea is accepted there will not be a trial on the charges
8  filed against you because when you plead guilty you give up
9  your right to a trial?

10  THE DEFENDANT:  Yes, Your Honor.

11  THE COURT:  If your guilty plea is accepted, you
12  give up your right to challenge the manner in which the
13  government obtained its evidence against you; for example,
14  the manner in which you were questioned or the manner in
15  which you or your home, your property were searched.

16  Do you understand?

17  THE DEFENDANT:  Yes.

18  THE COURT:  To get you to waive these
19  constitutional rights has anyone connected with law
20  enforcement or anyone else threatened you, directly or
21  indirectly, or used any force against you or promised you
22  anything outside your written plea agreement?

23  THE DEFENDANT:  No.

24  THE COURT:  Have you discussed these rights with
25  your attorney?

*Change of Plea*

1           THE DEFENDANT:  Yes.

2           THE COURT:  And do you freely and voluntarily give

3 up these constitutional rights with respect to the charge set

4 forth in Count I of the indictment?

5           THE DEFENDANT:  Yes.

6           THE COURT:  There's no forfeiture allegation;

7 correct?

8           MR. FERRETTI:  There is a forfeiture allegation,

9 but that will be dismissed pursuant to the agreement at

10 sentencing, Your Honor.

11           THE COURT:  Thank you.

12           After consideration of the responses of the

13 defendant in this case to all the questions that I have asked

14 I now find that he is competent to plead.  He understands the

15 nature of the charge filed against him in Count I of the

16 indictment and the possible penalty that can be imposed upon

17 conviction.

18           He understands his rights.  He willingly,

19 knowingly, and voluntarily waives those rights, and he fully

20 understands the consequences of waiving those rights,

21 including the fact that there will be no trial in this case

22 because he is pleading guilty.  I, therefore, accept the

23 defendant's waiver of his rights.

24           Nicholas A. Decosta, knowing and understanding

25 everything in your petition to enter a plea of guilty, your

1  written plea agreement, and everything that we have discussed

2  today, how do you now plead to the charge set forth in

3  Count I of the indictment?

4            THE DEFENDANT:  I plead guilty.

5            THE COURT:  To get you to plead guilty to that

6  charge has anyone connected with law enforcement or anyone

7  else threatened you, directly or indirectly, used any force

8  against you or promised you anything other than what's

9  contained in your written plea agreement?

10           THE DEFENDANT:  No.

11           THE COURT:  Are you freely and voluntarily pleading

12  guilty to the offense charged in Count I of the indictment?

13           THE DEFENDANT:  Yes.

14           THE COURT:  And are you, in fact, guilty of that

15  offense?

16           THE DEFENDANT:  Yes.

17           THE COURT:  I am now going to ask Mr. Ferretti to

18  set forth on the record what facts the government would

19  expect to prove if there were a trial in order to convict you

20  of this charge.  Please listen carefully.

21           Mr. Ferretti?

22           MR. FERRETTI:  I would just ask the court's

23  indulgence.  This is kind of a long factual basis.  And I am

24  drawing it from the written plea agreement, Your Honor.

25           The parties have agreed to the factual basis in the

1    plea agreement, and it starts:  In the fall of 2019

2    investigators accessed...

3              THE COURT:  One moment.  One moment.  The factual

4    basis is set forth in section 2B and then in paragraphs one

5    through...

6              MR. FERRETTI:  Ten, Your Honor.

7              THE COURT:  One through ten.  This is contained on

8    pages two through five of the parties' written plea

9    agreement.  The parties have stipulated to these facts in the

10   plea agreement.  Does the government wish for the court to

11   accept the parties' stipulation in the plea agreement as the

12   factual basis?

13             MR. FERRETTI:  Yes.

14             THE COURT:  Mr. Howard, does the...

15             MR. HOWARD:  No objection.

16             THE COURT:  Okay.  And the court has reviewed the

17   factual basis, and the court will accept the government's

18   request.  I will accept that as the factual basis in this

19   case.

20             Mr. Decosta, you did stipulate to these facts as

21   set forth in the plea agreement.  You do, in fact, agree to

22   those facts?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you stipulate to them?

25             THE DEFENDANT:  Yes.

1      (Indiscernible discussion in low tones.)

2          THE DEFENDANT:  Yeah, I do.

3          THE COURT:  Do you agree that the government would

4   be able to prove all of these facts if the case went to

5   trial?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Is that what happened in this case?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And are all of these facts true?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Mr. Ferretti, do you certify that the

12  defendant's guilty plea is freely, voluntarily, knowingly,

13  and intelligently made and that there is a factual basis for

14  his guilty plea?

15         MR. FERRETTI:  Yes, Your Honor.

16         THE COURT:  Any questions that you believe should

17  be posed to him?

18         MR. FERRETTI:  No.

19         THE COURT:  Mr. Howard, do you make the same

20  certification?

21         MR. HOWARD:  I do.

22         THE COURT:  Are there any questions that should be

23  posed to the defendant?

24         MR. HOWARD:  There are none.

25         THE COURT:  The court now finds that the defendant

1   is competent and capable of entering an informed plea to the

2   charge set forth in Count I of the indictment.  He is aware

3   of the nature of that charge and the consequences of his

4   guilty plea.

5          His guilty plea is knowing and voluntary and is

6   supported by a factual basis concerning each essential

7   element of that offense.  I note that the parties stipulated

8   to the factual basis in the written plea agreement, and the

9   defendant both knowingly and voluntarily agreed to those

10  facts and to a waiver of a recitation of those facts on the

11  record during these plea proceedings.

12         Defendant is also aware that his answers during

13  these proceedings may be used against him if there is later a

14  charge of perjury or making a false statement.

15         Mr. Decosta, I will recommend that your guilty plea

16  be accepted, and I will order that a presentence

17  investigation report be prepared.  The presentence process

18  may include an interview so that you can provide all

19  information useful in determining your sentence.  It's also

20  helpful with regard to classification, programming, and

21  supervision matters.

22         Your level of cooperation and participation is very

23  important.  It should be discussed with Mr. Howard.  Any

24  determination concerning the plea agreement, that is, whether

25  to accept or reject the plea agreement, will be deferred

1    until after the court has examined the presentence

2    investigation report and the case proceeds to sentencing.

3            I will enter an order on sentencing schedule.  It

4    will be available to the parties on CM/ECF at the conclusion

5    of today's hearing.  The scheduling -- I -- order will set

6    the sentencing hearing for April 26th, 2023, at nine o'clock

7    in the morning in front of Judge Buescher.

8            Defendant has been on release pending trial in this

9    matter.  The court has received a release status report to

10   the court with regard to the defendant's performance while on

11   pretrial release.  The report indicates that the defendant

12   has been under supervision since August 26th, 2022, and that

13   there has been no compliance issues.

14           All conditions have been met, and there have been

15   no issues or problems to report.  Also indicates that

16   according to the database relied upon by pretrial services

17   that there's no new law violations that have been committed

18   by the defendant while on pretrial release.

19           Is the government seeking detention pending

20   sentencing in this matter?

21           MR. FERRETTI:  No, Your Honor.

22           THE COURT:  Sir, based upon your performance on

23   pretrial release I will allow you to stay on release pending

24   sentencing in this matter.  I will tell you that you have to

25   follow the same conditions.  Nothing has changed.

1          Do you understand that?

2          THE DEFENDANT:  I understand.  Thank you, Your

3   Honor.

4          THE COURT:  You're welcome.  Do you agree to comply

5   with those conditions?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And do you understand if there -- if

8   there's a violation they can -- you can be revoked and go

9   into jail pending sentencing?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Okay.  Anything else on behalf of the

12  government today?

13         MR. FERRETTI:  No.  Thank you, Your Honor.

14         THE COURT:  Anything else on behalf of the

15  government -- or the defendant?

16         MR. HOWARD:  No.  Thank you very much, Judge.

17         THE COURT:  Okay.  Good luck, sir.

18         THE DEFENDANT:  Thank you.  I appreciate it.

19         THE COURT:  We're in recess.  We're in recess, the

20  parties are excused.

21              (Hearing adjourned at 10:43 a.m.)

22              §         §         §

I certify that the foregoing is a correct transcript from the
23  electronic sound recording of the proceedings in the
above-entitled matter.

24

_____                    2/7/2023
25       Signature of Transcriber              _____
         Julie A. Pell, RPR, CRR, CRC                Date