IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>NICHOLAS A. DECOSTA,<br><br>                  Defendant. | 8:21-CR-193<br><br>ORDER ADOPTING<br>MAGISTRATE JUDGE'S<br>FINDINGS AND RECOMMENDATION |

      This matter is before the Court on the Magistrate Judge's Findings and Recommendation on Guilty Plea, Filing 86, recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation.

      Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a *de novo* review of the record. Count I of the Indictment charges Defendant with violating 21 U.S.C. §§ 841(a)(1), (b)(1) and 846 by conspiring to distribute and possess with intent to distribute several Schedule II controlled substances. Filing 1 at 2–3. The penalties for such an offense are "a term of imprisonment of not more than 20 years," a fine of up to $1,000,000, and "a term of supervised release of at least 3 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(C). However, Defendant's Petition to Enter a Plea of Guilty, Filing 88 at 4, and the parties' Plea Agreement, Filing 89 at 5, both list $250,000 as the maximum fine., and the Magistrate Judge advised the defendant according to the parties' documents, Filing 92 at 10.

      Nevertheless, the Court will adopt the Magistrate Judge's Findings and Recommendation because the error did not affect Defendant's substantial rights. *See* Fed. R. Crim. P. 11(h). Based on Defendant's finances, the Court has no intention of imposing a fine at sentencing. The error is therefore harmless. *See United States v. Gray*, 581 F.3d 749, 754–55 (8th Cir. 2009) ("When a district judge simply understates a maximum penalty by a relatively small amount and a defendant is sentenced within that range, it is possible, maybe even probable, the slight understatement of

the maximum sentence did not affect the defendant's decision to plead guilty."); *United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 253 (3d Cir. 1998) (holding that understating the maximum fine was harmless when the district court imposed a fine below the amount of which it informed the defendant); *cf. United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 931 (9th Cir. 2001) (noting that the error in informing the defendant of maximum restitution would be harmless if the district court imposed restitution in an amount less than maximum fine of which it informed the defendant); *United States v. Miell*, 711 F. Supp. 2d 967, 982 (N.D. Iowa 2010) ("Because the court does not intend to, and will not, impose liability on [the defendant] for fines and restitution greater than the $5,000,000 the court informed him could be imposed as a fine, the court's failure to inform [the defendant] about the court's authority to order restitution does not affect his substantial rights."). Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea, Filing 86, is adopted;

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea;

3. The Court defers acceptance of any plea agreement until it has reviewed the presentence report, pursuant to Fed. R. Crim. P. 11(c)(3); and

4. This case shall proceed to sentencing.

Dated this 14th day of February, 2023.

                              BY THE COURT:

                              Brian C. Buescher
                              United States District Judge